UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

MATTHEW MICHEL FREDERICK,
    *Plaintiff*,

v.

JON PROPST, in his individual and official capacity as a Detective for the City of Lincolnton Police Department, and CITY OF LINCOLNTON, NC,
    *Defendants*.

CIVIL ACTION NO. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Matthew Michel Frederick, for his complaint against Defendants, alleges and states as follows:

### I. NATURE OF ACTION

2. Plaintiff brings this civil action under 42 U.S.C. § 1983 for acts committed by Defendants under color of state law that deprived Plaintiff of his rights under the Fourth Amendment of the United States Constitution, incorporated by the Fourteenth Amendment of the United States Constitution.

3. On December 11, 2022, Plaintiff was falsely arrested and criminally charged in Lincoln County District Court, in the State of North Carolina, as a direct result of Defendant Propst's malicious, intentional, willful, and reckless disregard for the rights of Plaintiff.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 20 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper in the United States District Court for the Western District of North Carolina under 28 U.S.C § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims herein occurred in this judicial district.

### III. PARTIES

6. Plaintiff, Matthew Michel Frederick, resides in Wake County, North Carolina, at 1019 Trumpet Vine Court, Wendell, NC 27591.
7. Jon Propst, whom Plaintiff sues in his individual and official capacity, is and was at all times relevant to this proceeding an officer of the City of Lincolnton Police Department ("LPD"). Defendant Propst acted at all times relevant herein under color of North Carolina law and in his capacities as agent and employee of the LPD and the CITY OF LINCOLNTON.
8. Defendant CITY OF LINCOLNTON, NC, is the local government that employs and employed at all times relevant to this proceeding Defendant Propst and administers a set of law enforcement policies, practices, and customs involving the hiring, training, and supervision (and the Improper Hiring, Improper Training, and Improper Supervision) of its police officers.

### IV. FACTUAL ALLEGATIONS

9. On October 16, 2022, Plaintiff noticed an unauthorized pending charge on his Truist Bank Debit Card for $100.00 made the previous day at a vintage shop called Treasures on Main in Lincolnton, North Carolina.
10. That same day, Plaintiff contacted Truist Bank to report the fraudulent charge and was advised that Truist Bank could not remove the charge because it was still pending and had not officially been posted to his account. Truist instructed Plaintiff to call back once the charge posted to his account, which he did the next day on October 17, 2023 and was told to contact the local law enforcement authorities.
11. Plaintiff then contacted the LPD to report the fraudulent charge on his debit card and spoke briefly with LPD Officer Watson about the situation. Plaintiff was informed that a detective would be assigned to investigate the matter and that he would soon be receiving a telephone call from them.
12. On or about October 19, 2022, Plaintiff received a telephone call from LPD Detective Jon Propst whom informed Plaintiff that there were good surveillance cameras in the Lincolnton downtown area that would be used to investigate the matter and find out who was responsible. Defendant Propst also requested a screenshot of Plaintiff's bank account statement showing the fraudulent charge to which Plaintiff complied immediately.

13. On or about October 21, 2022, Plaintiff received a telephone call from Defendant Propst who's demeanor had changed completely. Defendant Propst was very rude, unprofessional, and disrespectful. He accused Plaintiff of filing a false report with the LPD and tried to intimidate Plaintiff into admitting that the charge had been made by him.
14. Plaintiff explained that he had evidence (photographic, witnesses, and the attending of a birthday with friends and family) to prove that he had been at his home in Wendell, North Carolina, at the exact time the fraudulent charge was made in Lincolnton, North Carolina, not to mention multiple witnesses who could state the same.
15. According to Google Maps, Wendell, NC is more than 200 miles and more than three (3) hours travel by car from Lincolnton, NC; therefore, it is physically impossible for Plaintiff to be in both locations at the same time.
16. Defendant Propst refused to receive or review any of Plaintiff's evidence, but rather stated, "I don't care what you've got, I don't want it. I've got all I need right here. Admit you did it or I'm going to hang up."
17. When Plaintiff denied that the charge was made by him, Defendant Propst became very angry and said, "It would be a real shame to risk your job with the City of Raleigh because of this charge." Defendant Propst also claimed, "I know why you did it. You only had $5 left in your account so you wanted your money back."
18. Following his conversation with Defendant Propst, Plaintiff contacted his local police department in Wendell, North Carolina, for assistance and spoke to Sargent Gill of the Wendell Police Department about the situation. Sargent Gill offered to reach out to Defendant Propst and, after speaking with him, relayed the following information to Plaintiff, "I offered to come by your house and take a clear picture of you to send to Propst, but he refused and wasn't very willing to let me try to assist. I tried, but there's nothing else I can do. It's between you and Lincolnton at this point."
19. Subsequently, Plaintiff retained Swaim Law, PLLC, to intervene and assist him in communicating with Defendant Propst. Paralegal Gail Greear of Swaim Law, PLLC, contacted the LPD and spoke to Defendant Propst. Ms. Greear introduced herself as the paralegal assigned to the case and informed Defendant Propst that she had hard evidence to prove that the charge could not have been made by Plaintiff. She asked for Defendant Propst's email to send him the proof; however, Defendant Propst refused to give Ms.

Greear his email address and told her that he knew the charge had been made by Plaintiff because he had looked him up on Facebook and matched his face to the footage from the surveillance camera.

20. That same day, Defendant Propst, knowing that there was plenty of evidence to prove otherwise, maliciously and falsely, without probable cause, swore an oath to an Affidavit provided to a magistrate (a judicial official) charging Plaintiff with Misdemeanor False Report to Police Station (File No. 22CR323707-540). Upon information and belief, Defendant Propst knew, or should have known if not for his recklessness, intentional accts, or incompetence, the information he provided to the magistrate was false and his statements to the same were false. Said affidavit was filed and became record in the General Court of Justice, District Court Division, for Lincoln County, North Carolina, and, by virtue of such affidavit, a warrant was issued by Magistrate Levi Wyatt for Plaintiff's arrest.

21. On December 10, 2022, while Plaintiff was not home, he was alerted to the presence of officers from the Wendell Police Department at his house through video surveillance. Plaintiff quickly contacted his attorney's office and was able to figure out that an arrest warrant had been issued against him.

22. The following day, on December 11, 2022, Plaintiff turned himself in to the Wake Sheriff's Office where he was placed under arrest, processed, and subsequently released on his own recognizance. Plaintiff was instructed to appear in Lincoln County District Court on March 7, 2023.

## V. CLAIMS
### Count I—42 U.S.C. § 1983
### Civil Rights Violation of the Fifth and Fourteenth Amendment

23. Plaintiff realleges and incorporates by reference all preceding and foregoing paragraphs as if fully set forth herein.

24. This claim under 42 U.S.C. § 1983 is brought against all Defendants and against Defendant Propst in his individual and official capacity.

25. At all times relevant hereto, Defendant Propst had a duty to Plaintiff and the City of Lincolnton to perform his due diligence and investigate all the evidence available to him before obtaining an arrest warrant.

26. Defendant Propst refused to review any of the evidence that Plaintiff and his attorney's office tried to present to him which proved beyond a doubt that Plaintiff was a victim of card fraud, not a perpetrator.

27. Presenting false information and the false statements under oath to a magistrate by Defendant Propst, and refusing to review any of the evidence that proved Plaintiff was nowhere near the site of the alleged crime at the time, demonstrated a reckless and conscious disregard for the civil rights granted to Plaintiff under the United States Constitution.

28. Defendant Propst erroneously determined the guilt of Plaintiff without conducting the proper investigation or completing any of the procedural requirements to obtain an arrest warrant. Contrary to the law of our judicial system, an officer may have an opinion as to the guilt or innocence of a person; however, it is not his decision alone to determine said guilt and express it to others as his decision alone. The sheer arrogance and actions of this Defendant throughout the whole interaction of this situation was uncalled for and unprofessional - arising to a basic violation of the Plaintiff's rights to be treated as a human being presumed to be innocent until proven guilty.

29. Defendant Propst violated Plaintiff's right to due process under the Fifth (as Enacted to through the Fourteenth Amendment) and Fourteenth Amendments of the Bill of Rights of the United States Constitution by refusing to inspect Plaintiff's evidence and failing to conduct a thorough investigation in the proper and required manner. This violation of procedural due process by not following fair procedures before depriving a person of life, liberty or property cannot be cured by the false information given to a magistrate and then claiming to have Probably cause based on said false information.

### Count II—42 U.S.C. § 1983
### Intentional Infliction of Emotional Distress

30. Plaintiff realleges and incorporates by reference all preceding and foregoing paragraphs as if fully set forth herein.

31. On October 20, 2022, Defendant Propst filed an Affidavit in Lincoln County District Court, charging that Plaintiff willfully, unlawfully, and maliciously made a false report to a police station. As a result of Defendant Propst's actions, Plaintiff was arrested and required to execute a signature bond before he was released. The information contained in the

Affidavit and provided to a magistrate by Defendant was not true; in fact, the charge against Plaintiff was dismissed by Judge Justin K. Brackett of Lincoln County, North Carolina, on January 18, 2023.

32. The actions of Defendant Propst were wrongful, malicious, and designed to embarrass and damage Plaintiff. Plaintiff suffered extreme mental and emotional anguish as a result of Defendant Propst's wrongful action. Plaintiff was forced to incur attorney fees as a result of Defendant Propst's deliberate and malicious conduct.

33. Plaintiff had never been arrested or charged with a crime more serious than an expired registration ticket, but, as a direct result of Defendant Propst's actions, was forced to experience the shame and anguish of having his mugshot posted on the internet.

34. Plaintiff has suffered harm to his reputation, humiliation, embarrassment, mental anguish, and distress after being arrested by the Wake County Sheriff's Office on the false charges brought by Defendant Propst.

35. Plaintiff would show that the actions of Defendant Propst herein reflect a malicious intentional, willful, and reckless disregard of the rights of Plaintiff herein and warrant an award of punitive damages to Plaintiff.

36. Plaintiff would show the willful intentional acts of Defendant Propst constitute malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress, libel, and slander, and that Plaintiff is entitled to a judgment of and against Defendant Propst for compensatory and punitive damages.

## PUNITIVE DAMAGES

37. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

38. The relevant timeframe for the actions falling under this complaint is the fall of 2022 when Covid-19 was still a major concern and no official treatment after contagion established has been recognized by the CDC. Placing Plaintiff under arrest and forcing him into an environment (Wake County Detention Center) that was known for Covid-19 outbreaks was unduly dangerous for himself and his family.

39. As a direct and proximate result of Defendant Propst's malicious, willful, or wanton conduct, or conduct that demonstrated a reckless and conscious disregard for Plaintiff's rights, health, safety, and life, as well as the life of his wife. Plaintiff is entitled to recover

punitive and exemplary damages to punish Defendants and to deter such conduct by others in an amount later to be determined at trial.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Matthew Michel Frederick, respectfully requests relief as follows:

40. That this verified Complaint be allowed and taken as an affidavit upon which this Court may base all of its Orders in this case;
41. That Plaintiff have and recover compensatory damages in an amount to be determined at trial in excess of the jurisdictional limit of this Court for the damages caused to Plaintiff;
42. That Plaintiff have and recover punitive damages in an amount to be determined at trial more than the jurisdictional limit of this Court for punitive damages caused to Plaintiff;
43. That Plaintiff have and recover from Defendants reasonable attorneys' fees and expenses to the fullest extent as allowed under 42 U.S.C. § 1988;
44. That Plaintiff have and recover from Defendants court costs and interest as allowed by law;
45. That all issues of fact be tried by a jury, and Plaintiff hereby makes a demand for trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure; and
46. That Plaintiff have and recover such other and further relief, both legal and equitable, which the Court deems just and proper.

## VII. JURY DEMAND

47. If the Court so requires a separate heading in which to demand Trial by Jury, Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: August 6, 2024.                    Respectfully submitted,

                                                 BY:   /s/ T. Allen Swaim Jr.
                                                        T. Allen Swaim Jr., NC Bar # 36301
                                                        SWAIM LAW, PLLC
                                                        allen@allenswaim.com
                                                        P.O. BOX 770
                                                        Wendell, NC 27591
                                                        Tel: (919) 365-7701
                                                        Fax: (919) 366-6770